United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Joel Horta Suarez, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-23468-Civ-Scola |
| | ) |
| Whole Foods Market IP Inc., and others, Defendants. | ) |
| | ) |

## Order Striking Complaint

This matter is before the Court upon an independent review of the record. Joel Horta Suarez is suing Defendants Whole Foods Market IP Inc. and four of its employees for "violation of Civil Rights, and for specific performance of a contract to exchange goods, services, and property." (Compl. at 2-5.) The Plaintiff lists four related cases, one of which is also against Defendant Whole Foods Market IP Inc., brought in Florida state court. (*Id.* at 5.) Because the Plaintiff's complaint amounts to a shotgun pleading and because the Court is unable to discern whether it has jurisdiction over this case, the Court **strikes** the complaint (**ECF No. 1**), with leave to amend, but **grants** his motion to proceed *in forma pauperis* (**ECF No. 17**).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Complaints that fail to comply with these rules are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). In violating Rules 8(a)(2) and 10(b), such pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading").

The Plaintiff's complaint focuses on what he says is Whole Foods's failure to honor $50,000 in "assignments of interest" and "transfers of record or legal title" from judgments against Wells Fargo Bank N.A. and the United States Internal Revenue Service. (Compl., ECF No. 1 at 6.) The factual allegations are difficult to

follow, but Plaintiff appears to recite the instances where he has visited a Whole Foods store in Miami in order to demand enforcement of these "assignments." To the extent the Plaintiff does supply facts, he fails to specify which facts or allegations support which causes of action. Further, the vast majority of the allegations the Plaintiff sets forth are conclusory, vague, and seemingly immaterial—"not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.

In order to remedy these deficiencies, the Court orders the Plaintiff to file an amended complaint. In doing so, the Plaintiff must (1) address all the shortcomings noted in this order; (2) comply with the pleading requirements in Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure; (3) limit his factual background sections to only those factual allegations that are common to or supportive of all his claims; (4) avoid lumping together multiple causes of action into a single count; (5) avoid conclusory or vague allegations; and (6) identify which factual allegations and acts pertain to which count.

Further, the Court is not convinced it has jurisdiction over this complaint. Although the Plaintiff recites several federal statutes, the Court is unable to satisfy itself that any of those claims is properly pleaded or viable against these Defendants. (Compl., ECF No. 1 at 9.) Instead, it appears the Plaintiff's grievances against the Defendants likely arise under state law. And, to the extent the Plaintiff seeks to avail himself of the Court's diversity jurisdiction, he has neither alleged the parties' citizenships nor established that the jurisdictional threshold amount has been met.

Accordingly, the Court **strikes** the Plaintiff's complaint (**ECF No. 1**) and instructs him to **replead** his case through an amended complaint, if he can, *in good faith*, allege facts directly supporting at least one viable claim for relief against the Defendants, or at least one of them, as well as facts establishing a basis for the Court's subject-matter jurisdiction. The Plaintiff is cautioned to plead only facts that are tethered to a viable cause of action against each Defendant. Further, in compliance with Federal Rule of Civil Procedure 10(b), the Plaintiff must state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and to separate different causes of action into separate, numbered counts. FED. R. CIV. P. 10(b).

The Plaintiff must file his amended complaint, compliant with the above and the Federal Rules of Civil Procedure, on or before **October 11, 2023**. The Plaintiff is forewarned that if he fails to timely comply with this order, his complaint will be dismissed without further leave to amend. In the meantime, while there is no operative complaint, the Court directs the Clerk to administratively **close** this case. Any other pending motions are denied as moot.

**Done and ordered** in chambers in Miami, Florida on September 27, 2023.

_____
Robert N. Scola, Jr.
United States District Judge